## UNITED STATES *v.* CARROLL.

*(District Court, E. D. Missouri, E. D.* November 21, 1887.)

ELECTIONS—OFFENSES—INDICTMENT.

Rev. St. U. S. § 5512. provides for the punishment of any registration officer who "*does any act unauthorized by law relating to or affecting the registration,*" and its last clause provides for the punishment of any person who "*aids, counsels, procures, or advises any \* \* \* officer to do any act*" therein made a crime. In Missouri. a registration officer is not authorized to write a person's name on the registration book unless he applies for registration, and takes a certain oath. An indictment against defendant alleged that an indictment against one M. for writing names of persons on the registration book, who had not applied for registration or been sworn, had been found, and that M. had been tried and convicted thereon, and that defendant had aided, counseled, and procured said M. to do the act in question. *Held*, that the offenses described in the section are misdemeanors, and that the advising an officer of registration to do an unauthorized act is a substantive and not an accessorial offense, and the indictment should allege what specific offense the officer of registration committed, and that the defendant advised and procured him to do it.

On Demurrer to Testimony.

Thomas J. Molloy was indicted and tried in the circuit court of the United States for the Eastern district of Missouri, under section 5512, Rev. St. U. S., for doing an act unauthorized by law, to-wit, writing the names of persons in the registration book in his custody who had not applied for registration, or taken the oath required by law. *Vide* 31 Fed. Rep. 19. Subsequently James Carroll was indicted under the last clause of section 5512, for "counseling, procuring, and advising" said Molloy to do the act for which he had been tried and convicted. On the trial of the latter indictment, after a jury had been called and sworn, defendant's counsel interposed an objection to the admission of any testimony, because the indictment was bad in that it did not show that Molloy had done any specific acts which amounted to an offense, at the instigation of the defendant.

*Thos. P. Bashaw,* Dist. Atty., and *D. P. Dyer,* for the Government.

*Chester Krum* and *Wm. C. Marshall,* for defendant.

THAYER, J.    Counsel for the government concede that in cases of misdemeanor there is no such thing known to the law as an accessory before the fact or at the fact; and the proposition is elementary that all who are in any way concerned in the commission of an act which is a misdemeanor are principals.    *State* v. *Lynburn*, 1 Brev. 397;  *U. S.* v. *Gooding*, 12 Wheat. 475, 476;  *U. S.* v. *Hartwell*, 12 Int. Rev. Rec. No. 9, p. 72, (date August 27, 1870.)

It is also true that Judge BREWER and myself have held that the offenses described by sections 5511 and 5512, Rev. St. U. S., are misdemeanors, and not felonies.    It is also obvious that the present indictment was drawn on the theory that defendant was an accessory before the fact, or at the fact, to some main offense committed by the registration officer, Molloy, and that it was essential under an old rule of the common law applicable to felonies only, to show on the face of the indictment that the principal offender, Molloy, had been indicted and convicted.    But the offense committed by Molloy being a misdemeanor, the defendant could not be an accessory before the fact.    Consequently the theory on which the indictment was drawn is wholly erroneous.    There can be no reasonable doubt of the correctness of the foregoing propositions.    I think it is equally clear that, under section 5512, "to counsel, procure, and advise" a registration officer to do an act unauthorized by law, (which seems to be the offense intended to be charged against the defendant,) is in itself a distinct offense, different from the offense which a registration officer commits when he does "an act unauthorized by law."    This conclusion not only results from a careful reading and analysis of the statute, but it is confirmed by authority.

Thus, in the case of *U. S.* v. *Hartwell*, *supra*, where a statute made it a felony on the part of an officer to loan public money in his charge, and the same section further provided that all persons advising or participating in such act, on conviction, should be punished as therein provided, Judge CLIFFORD, in effect, held that two distinct offenses were created by the section.    In the case of *U. S.* v. *Gooding*, *supra*, where a statute made it an offense to engage in and carry on the slave trade, or to aid and abet such enterprises, Judge STORY held that the words "aid and abet" were used to describe a substantive offense, and not an offense that was merely accessorial.    It is clear, therefore, that counseling, advising, and procuring an officer of registration to do an unauthorized act, is a substantive offense, and should be indicted as such, and not as an accessorial offense; and that it may be punished, although the registration officer has not been previously convicted, or even prosecuted.

. This much being determined, the indictment in the case at bar is clearly bad.    It is not alleged therein that the registration officer, Molloy, did any specific acts amounting to an offense; and that the defendant, Carroll, counseled, procured, and advised him to do the acts in question,—all of which facts should, in my opinion, be averred in an issuable form to make a good indictment.    The bill merely states that a certain indictment, which is set out *in hæc verba*, was found against Molloy, and that he was put on trial, and convicted, and that Molloy acted

according to the counsel, procurement, and advice of the defendant. There is not a single direct allegation in the indictment that Molloy was an officer of registration, or that he did any act amounting to an offense. All the information given on those points must be gathered from the indictment against Molloy, which is set out merely by way of recital. Evidently, the pleader supposed that it was sufficient to aver that Molloy had been convicted on a certain indictment, and that it was unnecessary to allege specific acts done by the registration officer amounting to an offense.

In my opinion, the allegation that an indictment of a certain kind was found against Molloy, and that he was convicted, is wholly immaterial; for, as this defendant was not an accessory to the offense committed by the registration officer, but, if guilty of any offense, was guilty of a distinct and independent crime, neither the indictment against Molloy nor record of conviction would be admissible in evidence against this defendant to establish *as against him* that Molloy had in point of fact committed the acts described in the indictment against Molloy. I feel confident that the indictment in the case at bar is bad in law, and that the defendant should not be put on trial under the same. I will sustain the objection against the admission of any testimony to support the indictment, and order the defendant's discharge.